UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

PHILIP SARNER,

                               Plaintiff,

            v.

SACCO & FILLAS; DAVID SILVERMAN;
SIBOWITZ, GARAFOLA, SIBOWITZ &
SCHATZ; and HOWARD SCHATZ,

                               Defendants.

**MEMORANDUM AND ORDER**
22-CV-4326 (LDH)

---

LaSHANN DeARCY HALL, United States District Judge:

        Philip Sarner ("Plaintiff"), a resident of Brooklyn, New York, proceeding *pro se*, filed this action in the United States District Court for the Southern District of New York against Sacco & Fillas; Sibowitz, Garafola, Sibowitz & Schatz; David Silverman, and Howard Schatz ("Defendants"), alleging legal malpractice. (ECF No. 2.) On July 22, 2022, the action was transferred to this Court. (ECF No. 4.) The Court grants Plaintiff's application to proceed *in forma pauperis* ("IFP") (ECF No. 1) pursuant to 28 U.S.C. § 1915(a).

## BACKGROUND[1]

        Plaintiff alleges that he was injured in a slip and fall. (Compl. at 5.) On January 4, 2022, he retained the Defendants to file a claim on his behalf against the City of New York, but they missed the deadline to file a notice of claim. (*Id.*) Plaintiff alleges the Defendants were incompetent. (*Id.*) He seeks $5 million in damages. (*Id.* at 6.)

---

[1] The following facts taken from the complaint (ECF No. 2) are assumed to be true for the purpose of this memorandum and order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of it, that fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  Of course, in reviewing the sufficiency of an IFP complaint, the Court is obliged to construe it liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret it to raise the "strongest [claims] that [it] *suggest*[s]," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" given to *pro se* plaintiffs has its limits.  *Id.* at 475 (citation omitted).  To state a claim, a *pro se* complaint must still comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief "that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct.  *Id*.  While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss,  *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999).  Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true."  *Id*. (citations omitted).

## DISCUSSION

The Court lacks subject matter jurisdiction over this case.  Federal courts are courts of

limited jurisdiction and must independently verify the existence of subject matter jurisdiction

before proceeding to the merits.  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546

(2005); *Doe v. United States*, 833 F.3d 192, 196 (2d Cir. 2016).  "Congress has granted district

courts original jurisdiction over cases in which there is a federal question, *see* 28 U.S.C. § 1331,

and certain cases between citizens of different states, so long as the requirements of complete

diversity and amount in controversy are met, *see* 28 U.S.C. § 1332."  *Purdue Pharma L.P. v.*

*Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013).  "[F]ailure of subject matter jurisdiction is not

waivable and may be raised at any time by a party or by the court *sua sponte*.  If subject matter

jurisdiction is lacking, the action must be dismissed."  *Lyndonville Sav. Bank & Tr. Co. v.*

*Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000) (citations omitted); *see also Arbaugh v. Y & H*

*Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3).  The plaintiff bears the burden of

establishing subject matter jurisdiction.  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.

2000).

Liberally construed, the complaint, at most, pleads a legal malpractice claim over which

the Court lacks subject matter jurisdiction.  There is no federal question jurisdiction over legal

malpractice claims because they are predicated upon violations of state law, and therefore, do not

"depend[] on resolution of a substantial question of federal law."  *Bracey v. Bd. of Educ. of City*

*of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (internal quotation marks omitted); *Chery v.*

*Law Office of Felix Kozak, P.C.*, No. 11 CV 3471, 2011 WL 4056069, at *2 (E.D.N.Y. Aug. 28,

2011) (federal district courts do not have subject matter jurisdiction over legal malpractice

claims) (internal citations omitted); *Williams v. Sindos*, No. 08 Civ. 378, 2009 WL 613317, at *2

(S.D.N.Y. Mar. 9, 2009) ("claims for legal malpractice are matters of state law and do not present a federal issue").  Moreover, because Plaintiff alleges that he resides in New York and that Defendants are likewise in New York (Compl. at 3–4), there are no facts from which the Court can infer that there is diversity of citizenship.  *See Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 325 (2d Cir. 2001) (holding that diversity statute mandates complete diversity).  Therefore, Plaintiff's complaint is dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons set forth above, the complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment and mail a copy of this order to Plaintiff and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
     December 7, 2022

/s/ LDH
LASHANN DEARCY HALL
United States District Judge